IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THE AVIATION COMPANY LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, CORPORATION and BANK OF AMERICA, N.A.,<br><br>Defendants. | ) | CIVIL NO. 13-00162 SOM/BMK<br><br>ORDER GRANTING MOTION TO DISMISS |

**ORDER GRANTING MOTION TO DISMISS**

**I. INTRODUCTION.**

This is an action for breach of contract and quiet title brought by Plaintiff The Aviation Company against Defendant Bank of America, N.A ("BANA").[1] The Aviation Company alleges that BANA refuses to release its lien on an aircraft purchased by The Aviation Company, notwithstanding what The Aviation Company says was payment in full. Because the Complaint does not include sufficient factual allegations to make The Aviation Company's claims facially plausible, this court grants BANA's motion to dismiss.

[1] The motion to dismiss notes that BANA was also "erroneously sued as 'Bank of America Corporation.'" Memo in Support at 1, ECF No. 21-1. The Aviation Company does not appear to dispute that this was a mistake. Memo in Opp., ECF No. 30.

**II. BACKGROUND.**

In June 1997, The Aviation Company obtained a $250,000 loan from MBNA America, N.A, for the purchase of a Navajo Piper airplane. The Aviation Company claims that, through April 2011, it "made regular and agreed upon payments" to MBNA and its successor-in-interest, BANA. Complaint at ¶8, ECF No. 4. On May 11, 2011, The Aviation Company sent BANA a document that appears to be a check for $144,689.54, which The Aviation Company describes as an "electronic funds transfer." ECF No. 21-2. The front of the document is marked "EFT only." The back of the document contains the following handwritten statements: "EFT only"; "not for deposit"; and a signature followed by "authorized representative without recourse." Id. BANA notes that "[t]hese restrictions clearly prevented Bank of America from depositing the check or obtaining the funds necessary to pay off or pay down Plaintiff's [l]oan." Memo in Support at 3, ECF No. 21-1. No money appears to have been subtracted from The Aviation Company's account, or deposited in BANA's account, as a result of this "EFT only" check.

The Aviation Company alleges that on May 16, 2011, Karin Baker, the wife of Fred Baker, owner of The Aviation Company, received a telephone call from a BANA representative named "Chris," who informed her that there was a remaining balance of $627.96 on the debt owed to BANA. Complaint ¶ 10, ECF

No. 4. Karin Baker then allegedly paid this remaining balance via "check by phone" and was allegedly told four days later, again through a phone-call from "Chris," that her account had been settled and that BANA would release the lien on the airplane. Id. ¶ 11. BANA has not to date released the lien.

**III. JURISDICTION.**

This court has jurisdiction under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, and the parties are citizens of different States.

**IV. RULE 12(b)(6) STANDARD.**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, review is generally limited to the contents of a complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). However, courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Documents whose contents are alleged in a complaint and whose

authenticity is not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion to dismiss. See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994).

On a Rule 12(b)(6) motion, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed’n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. Sprewell, 266 F.3d at 988; In re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996). The court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell, 266 F.3d at 988.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

“[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact.”

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677.

**V. ANALYSIS.**

The Aviation Company's claims are premised entirely on the validity of the check it sent to BANA on May 11, 2011. The Aviation Company in its Complaint contends that it "fully complied with the terms of the contract" when it sent this check, and that BANA breached its contract when it did not "timely return[]" the check or give "proper notice of dishonor." Complaint ¶ 14, ECF No. 4. However, the document sent to BANA is

not an actual negotiable instrument that BANA could have deposited. It is not a proper instrument because it states that it is "not for deposit."[2]

Nor is it an actual electronic fund transfer. An electronic fund transfer typically means "any transfer of funds, *other than a transaction originated by check, draft, or similar paper instrument*, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account." 15 U.S.C. § 1693a (emphasis added). The Aviation Company does not allege that any financial institution was "instruct[ed] or authorize[d]" to automatically

[2] While the phrase "EFT only" was written on the front of the check, a photocopy of which was attached by The Aviation Company with the Complaint, the phrase "not for deposit" was on the back of the check, which was not attached to the Complaint, but instead submitted by BANA as an exhibit to its motion to dismiss. The Aviation Company does not dispute the validity of BANA's exhibit, and the court therefore treats the back of the check as uncontradicted evidence that it may consider under the "incorporation by reference" doctrine. Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) ("We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."). "A court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152, 1160 (9th Cir. 2012)(internal quotation omitted).

debit The Aviation Company's account as a result of the "EFT only" check. Instead, the "check" was clearly a paper instrument with a restrictive endorsement that *specifically prohibited* it from being deposited. See, e.g, Wideman v. Bank of Am., N.A., 1:12-CV-532, 2012 WL 2872850 (E.D. Cal. July 11, 2012) (holding, in a case involving identical restrictive endorsements on a purported "EFT only" check, that "[g]iven the restrictive endorsements on the back of the check, it is not clear how the check can be deposited . . . [and therefore] it does not appear to the [c]ourt that Plaintiff is genuinely attempting to pay off his [debt].").

A federal court sitting in diversity must apply the substantive law of the forum state. See Jacobs v. CBS Broad., Inc., 291 F.3d 1173, 1177 (9th Cir. 2002). Under Hawaii law, a failure by The Aviation Company to actually render payment is dispositive of its breach of contract claim. "One of the basic elements in proving a breach of a contract . . . is a showing by the plaintiff either that he has performed the contract or that during the term of the contract he was ready, willing and able to perform." Low v. Honolulu Rapid Transit Co., 50 Haw. 582, 585, 445 P.2d 372, 376 (1968). "[A] party cannot recover for a breach of contract if he fails to comply with the contract himself." Stanford Carr Dev. Corp. v. Unity House, Inc., 111 Haw. 286, 300, 141 P.3d 459, 473 (2006) (quotation omitted). The Aviation

Company's conclusory assertion that it has performed the contract is unavailing, even at the motion to dismiss stage, because it is refuted by uncontradicted evidence and by the evidence it has itself submitted. Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.").

The absence of a plausible allegation that payment has been rendered to BANA is similarly fatal to The Aviation Company's quiet title claim. A plaintiff who has not rendered payment to a creditor for a property has not met its burden of showing title to the property. See Maui Land & Pineapple Co., Inc. v. Infiesto, 76 Haw. 402, 407-08, 879 P.2d 507, 512-13 (1994) ("In an action to quiet title, the burden is on the plaintiff to . . . prove that he has a substantial interest in the property and that his title is superior to that of the defendants."). In any event, as The Aviation Company appears to concede in its opposition brief, a quiet title claim is applicable only to real property. Memo in Opp. at 12, ECF No. 30 ("Action may be brought by any person who claims . . . an estate or interest in *real* property[]" (quoting Haw. Rev. Stat. § 669-1(a) (emphasis in original)) .

The Aviation Company appears to argue that BANA is liable simply because it did not "timely dishonor" even an

arguably worthless check by its "midnight deadline." Memo in Opp. at ¶¶ 7-11, ECF No. 30. The Aviation Company confuses a bank acting as a depository or payor bank with a bank acting as a secured creditor. When a bank acts as a secured creditor, "a security agreement is effective according to its terms between the parties." Haw. Rev. Stat. § 490:9-201. The Aviation Company asserts that it had a contract involving what appears to have been a secured obligation. The Aviation Company cannot extinguish a lien on the property providing security until that obligation is paid.

The Aviation Company's references to "timely dishonor" and "midnight deadlines" are derived from provisions of the Uniform Commercial Code ("UCC"), and related case-law, governing checks given to *depository and payor* banks. See, e.g., Chrysler Credit Corp. v. First Nat. Bank & Trust Co. of Washington, 746 F.2d 200, 203 (3d Cir. 1984) (noting that "a *payor bank* must pay, return or dishonor a check within the midnight deadline following presentment to or receipt by the bank") (emphasis added); Haw. Rev. Stat. § 490:3 (addressing "negotiable instruments"); Haw. Rev. Stat. § 490:4 (addressing "bank deposits and collections"). Even if The Aviation Company's "EFT only" check were a "negotiable instrument," reliance on these authorities is inapplicable because BANA is a secured creditor in the transaction with The Aviation Company, not a depository or payor

bank. See generally Haw. Rev. Stat. § 490:4-104; Haw. Rev. Stat. § 490:4-105. The applicable law for the transaction is, principally, UCC Articles 2 and 9, as codified in Haw. Rev. Stat. §§ 490:2 and 490:9. Nothing in those statutes places a "midnight deadline" on BANA to dishonor the check. Hence, BANA bore no obligation, contractual or otherwise, to inform The Aviation Company that it could not deposit the worthless tender, and its alleged failure to do so does not discharge The Aviation Company's contractual obligation to pay BANA the balance of its debt.

Finally, The Aviation Company places great significance on alleged conversations between Karin Baker and BANA's alleged representative "Chris." The Aviation Company claims that the check was "accepted by [BANA] and Plaintiff was given a credit." Memo in Opp. at ¶ 12, ECF No. 30. The Aviation Company alleges that there was "final payment . . . and [The Aviation Company] relied on it." Id. However, even if the court assumes that the conversation occurred, The Aviation Company neither alleges that any money was actually taken from its account nor points to any specific instance of detrimental reliance on the conversation. Ravelo by Ravelo v. Hawaii Cnty., 66 Haw. 194, 200, 658 P.2d 883, 887 (1983) (noting that a promise will only be enforced if it actually "induce[d] action or forbearance" on the part of the

promisee). Any reliance or promissory estoppel argument that The Aviation Company may be making is therefore without merit.

Based on the facts alleged and the exhibits that are not in dispute, the court concludes that The Aviation Company has not provided sufficient plausible factual content for the court to "draw the reasonable inference that [BANA] is liable for the misconduct alleged." Iqbal, 556 U.S. at 677. BANA's motion to dismiss is therefore granted.

The Aviation Company has already amended its complaint on one prior occasion. ECF No. 4. Moreover, the evidence that The Aviation Company has itself submitted and BANA's uncontradicted evidence squarely contradict the notion that The Aviation Company has paid BANA, which is the allegation that is the gravamen of the Complaint. In such a situation, further amendment would be futile. Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir.2002) ("A district court . . . does not abuse its discretion in denying leave to amend where amendment would be futile."). The Aviation Company's request for leave to amend is denied.

## V. **CONCLUSION**

BANA's motion to dismiss is granted. The Aviation Company's request for leave to amend is denied. The Clerk of Court is directed to enter judgment in favor of BANA and to close the case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 18, 2013.




/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

The Aviation Company LLC v. Bank of America, Corporation and Bank of America, N.A.; Civ. No. 13-00162 SOM/BMK; ORDER GRANTING MOTION TO DISMISS